**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 3:15-cr-146** |
| | ) | **Judge Aleta A. Trauger** |
| **DERON ANTHONY LUNDY** | ) | |

**MEMORANDUM AND ORDER**

Before the court is defendant Deron Anthony Lundy's Motion to Dismiss Count Two, or in the Alternative Strike the Information Filed Pursuant to 21 U.S.C. § 851 (Doc. No. 45). For the reasons set forth herein, the motion is DENIED.

**I.    PROCEDURAL BACKGROUND**

In August 2015, the defendant was charged in a five-count indictment with (1) knowing and intentional possession with intent to distribute and distribution of a quantity of crack cocaine on or about January 21, 2015, in violation of 21 U.S.C. § 841(a)(1); (2) knowing and intentional possession with intent to distribute and distribution of a quantity of crack cocaine within one thousand feet of a housing facility owned by a public housing authority, on or about February 25, 2015, in violation of 21 U.S.C. §§ 841(a)(1) and 860; (3) knowing and intentional possession with intent to distribute and distribution of a quantity of crack cocaine on or about April 16, 2015, in violation of 21 U.S.C. § 841(a)(1); (4) being a previously convicted felon in possession of a firearm on or about April 16, 2015, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and (5) being a previously convicted felon in possession of ammunition on or about April 16, 2015, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Indictment, Doc. No. 1.)

A week later, the United States filed an Information (Doc. No. 4), in accordance with 21

U.S.C. § 851(a)(1), alleging four prior felony drug-offense convictions in the Circuit Court for Montgomery County, Tennessee in 2001, 2002 and 2013. The United States asserts that, if the defendant is convicted of the offenses charged in the pending indictment, he will be subject to a mandatory term of life imprisonment as a result of the prior felony convictions.

More specifically, in Count 2 of the Indictment, the defendant was charged with possession with intent to distribute and actual distribution of a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), within one thousand feet of a housing facility owned by a public housing authority, in violation of 21 U.S.C. § 860. Under 21 U.S.C. § 841(b)(1)(A) ("Penalties"), any person who is found guilty of a violation of § 860 "after two or more prior convictions for a felony drug offense have become final" is subject to a "mandatory term of life imprisonment without release."

The defendant, apparently seeking to avoid that dire result, filed his Motion to Dismiss Count Two, or in the Alternative Strike the Information Filed Pursuant to 21 U.S.C. § 851. (Doc. No. 45.) In support of this motion, he argues that (1) the United States does not have power under the Commerce Clause of the United States Constitution to enhance the sentence of a defendant under 21 U.S.C. §§ 841(b)(1)(A) and 860, because the sale of a controlled substance within one thousand feet of a housing facility owned by a public housing authority is a "truly local activity" with no effect on interstate commerce; and (2) as applied to him, the statutes are unconstitutional because the crack cocaine transferred during the "controlled" buy that led to the charge in Count 2 of the Indictment has no chance of re-entering the stream of commerce. The United States filed its response in opposition to the motion, arguing that (1) the Sixth Circuit has already rejected the argument that §§ 841(b)(1)(A) and 860 are facially unconstitutional, and none of the more recent Supreme Court opinions to which the defendant cites calls for a different

outcome; and (2) the fact that the crack cocaine involved in the controlled buy would not continue in the stream of commerce does not affect the underlying interstate commercial nature of the transaction.

## II. ANALYSIS

Rule 12(b) of the Federal Rules of Criminal Procedure provides that "any defense . . . that the court can determine without a trial on the merits" may be raised in a pretrial motion. "Courts usually say that a motion to dismiss is 'capable of determination' before trial if it involves questions of law instead of questions of fact on the merits of criminal liability." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997) (quoting prior version of Fed. R. Crim. P. 12(b)). In addition, district courts considering a Rule 12(b) motion "may ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." *Id.*

In this case, the question presented is purely one of law and is appropriate for determination in a pretrial motion under Rule 12(b). The issues presented are (1) whether §§ 841(b)(1)(A) and 860 are facially unconstitutional; and (2) whether the statutes are unconstitutional as applied in this case.

### A. Whether §§ 841(b)(1)(A) and 860 Are Facially Unconstitutional

In *Tucker v. United States*, 90 F.3d 1135 (6th Cir. 1996), the Sixth Circuit was confronted with the question of whether the penalty imposed by 21 U.S.C. § 860(a) exceeded Congress's power under the Commerce Clause, U.S. Const. art. 1, § 8. In *Tucker*, the defendant was convicted of conducting a drug transaction within one thousand feet of a school zone rather than a public housing facility, but the legal issue is essentially identical to that presented here: whether the sentencing enhancement associated with the location in which the drug transaction

occurred is authorized by the Commerce Clause.[1]

The court noted that the Supreme Court had recently recognized that the Commerce Clause authorized Congress to "regulate three broad categories of activity, including 'those activities having a substantial relation to interstate commerce, *i.e.*, those activities that substantially affect interstate commerce.'" *Tucker*, 90 F.3d at 1139 (quoting *United States v. Lopez*, 514 U.S. 549, 558–59 (1995)). In *Lopez*, the Supreme Court had held that the Gun-Free School Zones Act of 1990, which criminalized possession of a firearm within one thousand feet of a school, exceeded this constitutional power, in large part because simple possession of a firearm, *per se*, "has nothing to do with 'commerce' or any sort of economic enterprise." *Lopez*, 514 U.S. at 561.

The Sixth Circuit held that *Lopez* did not control the outcome of the question before it:

> In contrast to the firearm possession at issue in *Lopez*, drug trafficking is an "economic enterprise" that substantially affects interstate commerce in numerous clear ways. Each individual instance of cocaine dealing, for example, represents the end point of a manufacturing, shipping, and distribution network that is interstate—and international—in nature. In fact, Congress included specific findings to that effect when it passed the Controlled Substances Act. For these reasons, this circuit upheld federal criminalization of intrastate drug dealing under the Commerce Clause before *Lopez*, as has every jurisdiction that has considered

---

[1] § 860 provides in pertinent part as follows:

> Any person who violates section 841(a)(1) of this title . . . by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground, or housing facility owned by a public housing authority. . . is . . . subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense.

21 U.S.C. § 860(a). The defendant here, if convicted of Count 2 in the Indictment and if the United States establishes the prior convictions set forth in the Information, would be subject to the term of life imprisonment imposed by § 841(b)(1)(A) instead.

the issue after *Lopez*. *Lopez* does not give us cause to question Congress's power to regulate an activity as clearly commercial as drug trafficking.

*Tucker*, 90 F.3d at 1140 (internal citations omitted).

The Sixth Circuit also rejected the defendants' suggestion that the fact that § 860, like the Drug-Free School Zone Act, regulates activity that takes place within one thousand feet of a school, places it within the purview of *Lopez*:

> [C]ongressional power in the instant case derives from the interstate nature of the illegal drug trade, not of the educational process. The problem in *Lopez* was that neither possessing a firearm nor being in a school zone was a basis for exercise of the federal commerce power. Here, in contrast, a key element of the crime—drug trafficking—clearly "substantially affects interstate commerce." Section 860 merely imposes an additional penalty for drug trafficking in a school zone. The statute therefore represents exactly what the *Lopez* Court hypothesized: a statute enacted under congressional "authority under the Commerce Clause to regulate numerous commercial activities that substantially affect interstate commerce and also affect the educational process." 514 U.S. at [566]. The fact that Congress chose in § 860 to heighten the punishment for drug dealers who operate near a school therefore does not remove its basis for federal jurisdiction.

*Tucker*, 90 F.3d at 1140–41 (some internal citations omitted).

The Sixth Circuit did not expressly address that portion of § 860 that enhances the penalty for drug trafficking within one thousand feet of a public housing facility, but the same analysis applies. Section 860 regulates drug trafficking—an economic activity that "substantially affects interstate commerce"—and therefore passes constitutional muster under both *Tucker* and *Lopez*, regardless of whether the activity took place within one thousand feet of a school or one thousand feet of a public housing facility. Virtually every circuit that has considered the question has likewise held that § 860 does not violate the Commerce Clause. *See, e.g.*, *United States v. Koons*, 300 F.3d 985, 992–93 (8th Cir. 2002) ("We conclude that the enactment of § 860(a) also does not exceed congressional power under the Commerce Clause. We thus join the other courts of appeal which have upheld § 860(a) against *Lopez* challenges."); *United States v. Dixon*, 132

F.3d 192, 202 (5th Cir. 1997) (holding that § 860 is a constitutional exercise of congressional authority); *United States v. Jackson*, 111 F.3d 101, 102 (11th Cir. 1997) (same); *United States v. Hawkins*, 104 F.3d 437, 439-40 (D.C. Cir. 1997) (same); *United States v. Zorilla*, 93 F.3d 7, 8–9 (1st Cir. 1996) (same); *United States v. Ekinci*, 101 F.3d 838, 844 (2d Cir. 1996) (same); *United States v. Orozco*, 98 F.3d 105, 107 (3d Cir. 1996) (same); *United States v. McKinney*, 98 F.3d 974, 978–80 (7th Cir. 1996) (same, citing *Tucker*, 90 F.3d at 1140).

The defendant further argues, however, that four Supreme Court decisions rendered after *Tucker* call into question the holding in *Tucker*: *Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Nat'l Fed'n of Indep. Bus.* ("*NFIB*") *v. Sebelius*, 132 S. Ct. 2566 (2012); *Gonzales v. Raich*, 545 U.S. 1 (2005); and *United States v. Morrison*, 529 U.S. 598 (2000). None of those opinions, however, is relevant to or has any effect on *Tucker* or the case at bar.

In *Gonzales v. Raich*, the Court held that Congress's authority under the Commerce Clause includes the power to prohibit the local cultivation and use of marijuana for medical purposes under the Controlled Substances Act. In reaching its decision, the Court affirmed Congress's power "to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce." 545 U.S. at 17. Because drug trafficking clearly falls within that "class of activities" having a "substantial effect on interstate commerce," *Gonzales* actually reinforces the holding in *Tucker*.

*NFIB v. Sebelius* involved a challenge to the Patient Protection and Affordable Care Act. Five justices concluded that regulation of the uninsured class was "particularly divorced from any link to existing commercial activity" and therefore that the Act exceeded Congress's authority under the Commerce Clause. 132 S. Ct. at 2590. The Sixth Circuit recently held, however, that the Supreme Court's Commerce Clause analysis in *NFIB v. Sebelius* "did nothing

to abrogate its holding in [*Gonzales v.*] *Raich* that Congress has the power to regulate purely local activities that are part of an economic class of activities that have a substantial effect on interstate commerce. . . ." *United States v. Rose*, 714 F.3d 362, 370–71 (6th Cir. 2013). More specifically, *NFIB* did not remotely abrogate the Court's determination that drug trafficking, even if apparently local, is an economic activity that has a substantial effect on interstate commerce. *NFIB* likewise has no bearing on the validity of *Tucker*.

In *Morrison*, the Court held that the Commerce Clause did not authorize Congress to enact the civil remedy provision of the Violence Against Women Act of 1994, 42 U.S.C. § 13981. Relying on its prior decision in *Lopez* for the proper framework in analyzing the Commerce Clause issue, the Court concluded that "[g]ender-motivated crimes of violence are not, in any sense of the phrase, economic activity," and "thus far in our Nation's history our cases have upheld Commerce Clause regulation of intrastate activity only where that activity is economic in nature." 529 U.S. at 613. Because, as the *Tucker* Court explained, drug trafficking *is* an economic enterprise, the *Morrison* decision does not affect *Tucker*'s validity.

Finally, in *Alleyne*, the Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime that must be submitted to the jury for decision. 133 S. Ct. at 2155, 2163. The defendant argues that *Alleyne*, although it was not a Commerce Clause case, "defined situations where Congress creates new and distinct crimes by adding elements to a crime that increase the penalties." (Doc. No. 45, at 11.) The defendant argues that, reading *Alleyne* together with the other cases referenced above suggests that Congress, to enact a statute like § 860, "must demonstrate a substantial nexus to interstate commerce on the truly local activity" of distributing drugs near a public housing facility. (*Id.* at 13.) This court is not persuaded that *Alleyne* has any impact on the issue presented here, in particular because the

question of whether the alleged transaction took place within one thousand feet of a "housing facility owned by a public housing authority," 21 U.S.C. § 860(a), is a factual question that must be submitted to the jury. *See* Sixth Circuit Pattern Criminal Jury Instructions § 14.06 (2016). Nor is the court persuaded that *Alleyne*, even considered in conjunction with the other cases upon which the defendant relies, requires separate consideration of whether the "within one thousand feet of a housing facility owned by a public housing authority" element itself affects interstate commerce.

In sum, the defendant has failed to establish that the holding in *Tucker* has been invalidated or abrogated by subsequent developments, and it is clear that 21 U.S.C. §§ 841(b)(1)(A) and 860 are not facially unconstitutional.

### B. Whether §§ 841(b)(1)(A) and 860 Are Unconstitutional As Applied

The defendant next argues that the statutory scheme is unconstitutional as applied to him because the drug trafficking activity underlying Count 2 of the Indictment was a controlled drug buy, set up and effected by government agents. Consequently, he argues, there was no risk that the crack cocaine distributed in that transaction will ever return to the stream of commerce.

This argument too is unavailing. As the Sixth Circuit recognized in *Tucker*, "[e]ach individual instance of cocaine dealing . . . represents the end point of a manufacturing, shipping, and distribution network that is interstate—and international—in nature." 90 F.3d at 1140. Thus, the fact that the cocaine involved in a controlled buy would not continue in the stream of commerce does not affect the interstate commercial nature of the transaction.

The statutes are not unconstitutional as applied to the defendant in this case.

### III. CONCLUSION

For the reasons set forth herein, the defendant's Motion to Dismiss Count Two, or in the

Alternative Strike the Information Filed Pursuant to 21 U.S.C. § 851 (Doc. No. 45) is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge